**Linda MORSE, Plaintiff–Appellant,**

v.

**UNIVERSITY OF VERMONT,**
**Defendant–Appellee.**

**No. 1141, Docket 91–7977.**

United States Court of Appeals,
Second Circuit.

Submitted March 26, 1992.

Decided Aug. 19, 1992.

John C. Gravel, Burlington, Vt. (Jane Watson, Bauer, Gravel & Watson, of counsel), filed a brief for plaintiff-appellant.

Ritchie E. Berger, Burlington, Vt. (Pietro J. Lynn, Dinse, Erdmann & Clapp, of counsel), filed a brief for defendant-appellee.

Robert Appel, Asst. Atty. Gen., Montpelier, Vt. (Jeffrey L. Amestoy, Atty. Gen. for State of Vt., of counsel), filed a brief on behalf of State of Vt. as amicus curiae.

Before: LUMBARD, NEWMAN, and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Generally, if a controversy is fully litigated, the right of a matter emerges. Yet, with the passage of time the wrong alleged becomes stale, witnesses die, memories fade so the litigation must be timely commenced or a statute of limitations may bar its continuing. The law offers a potential plaintiff a choice: having her rights determined by trial or sleeping on those rights so long that they are deemed under the law to be permanently at rest.

On March 30, 1990, appellant Linda Morse, a handicapped person, filed a complaint in Vermont Superior Court alleging that the University of Vermont (UVM or university), a recipient of federal funds, refused to accommodate her handicap and failed to grant her a masters degree in violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988). The complaint also alleged the university denied her its advantages and privileges on account of her handicap in violation of Vermont Public Accommodation Law, Vt.Stat.Ann. tit. 9, § 4502(c) (1990). Appellant suffers from hypothyroidism, an endocrinological disorder producing symptoms of apathy, difficulty concentrating, and fatigue, that she declares renders her a qualified handicapped person under both statutes. The federal and pendent state law causes of action were removed to the United States District Court for the District of Vermont (Parker, J.) pursuant to 28 U.S.C. §§ 1331, 1441–52 (1988).

## BACKGROUND

Appellant was admitted into UVM's Masters of Education (M.Ed.) in Counseling program for the Spring semester of 1976. Under university policy a Masters degree candidate must complete the required course work within five years. When

Morse did not meet this requirement, UVM informed her in a letter dated October 7, 1982 that her Masters degree work was terminated.

In the ensuing two years appellant continued to enroll in courses at the university while seeking reinstatement as a candidate for a Masters degree. During this time UVM discontinued its M.Ed. in Counseling program. After a series of meetings with faculty and administrative personnel, UVM informed her that it would make an exception to its usual policy and accept her as a candidate for its new Masters of Science in Counseling (M.S.) degree, subject to certain restrictions with respect to credit transfers and supervision. On June 6, 1984 Morse was sent a letter setting forth these requirements as "the definitive statement of conditions for readmission."

Receiving no response to this letter over the summer and into the early fall, the university advised her on October 4 that unless she accepted the offer of readmission in writing by October 15, 1984, it would conclude that she declined the offer. On the specified date, Morse responded that she did not "find the terms [of readmission] at all acceptable." The following day—October 16, 1984—UVM acknowledged appellant's rejection and withdrew its offer of readmission.

An appeal from the initial decision in October 1982 to dismiss her as a candidate for a Masters of Education degree and from the conditions for readmission into the new M.S. program extended to her in June 1984 was taken to the Executive Committee of the Graduate College. This appeal was denied, as was her further appeal to the Vice President for Academic Affairs, Dr. Robert Arns.

Dr. Arns subsequently met with Morse in February 1985 and informed her she could seek reconsideration of his decision by submitting a written request. She asked to meet with Dr. Arns with her attorney present, and was advised she should first complete the required written request for reconsideration. Almost three years later, on June 27, 1988, Interim President for Academic Affairs Dr. Gerald Francis received a letter from appellant seeking reconsideration of Dr. Arns' decision. He also received a letter from her attorney demanding a waiver of the time limitation for the completion of the Masters degree program as a "reasonable accommodation" to Morse's alleged handicap. After consulting medical experts, UVM concluded that appellant's hypothyroidism was a treatable medical condition, and that it had reasonably accommodated her by its offer of readmission. Thus, on October 24, 1988, Morse's request for reconsideration was denied.

Appellant instituted the instant litigation on March 30, 1990. On January 31, 1991 UVM moved for summary judgment, alleging Morse's federal and state causes of action were time-barred under Vermont's three-year statute of limitations for personal injury actions, 12 V.S.A. § 512(4). Judge Parker agreed, and further ruled that appellant's actions accrued more than three years prior to the filing of her complaint. Accordingly, he granted summary judgment in favor of UVM on both the federal and pendent state law claims. *Morse v. University of Vermont*, 776 F.Supp. 844 (D.Vt.1991). From that judgment, Morse appeals.

## DISCUSSION

### A. The Rehabilitation Act Claim

In holding that Morse's claim under § 504 of the Rehabilitation Act was governed by Vermont's three-year statute of limitations period for personal injury actions, the district court found her cause of action accrued at the latest on October 16, 1984 when the university withdrew its offer of readmission. Hence, it ruled the instant suit commenced in 1990 was time-barred. Morse challenges this accrual date for her federal claim. She further contends the district court erred in applying Vermont's statute of limitations for personal injury actions rather than its six-year statute of limitations for general civil actions, Vt.Stat.Ann. tit. 12, § 511.

### 1. Accrual Date

Federal law governs the question of when a federal claim accrues notwithstanding that a state statute of limitations is to be used. *See Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Under federal law, a claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis of the action. *Id.; Keating v. Carey,* 706 F.2d 377, 382 (2d Cir.1983); *Pauk v. Board of Trustees,* 654 F.2d 856, 859 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). In analyzing the timing of accrual in the context of discrimination claims, the Supreme Court has instructed that "the proper focus is on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (emphasis in original) (citing *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980)). Thus, "the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision." *O'Malley v. GTE Serv. Corp.,* 758 F.2d 818, 820 (2d Cir.1985).

Under these principles, the allegedly discriminatory act for purposes of Morse's claim occurred on October 7, 1982 when UVM informed her that she was terminated as a candidate for a Masters degree. In the alternative, as the district court held, the latest possible discriminatory act took place on October 16, 1984 when the university withdrew its offer of readmission. Considering either of these dates, appellant's action was untimely. Contrary to her assertion, there was no "continuing violation" that would alter this analysis. The fact that UVM allowed appellant to continue to take courses and undertook an internal administrative review of its allegedly discriminatory decision has no effect on when the statute of limitations period begins to run. *See Ricks,* 449 U.S. at 261, 101 S.Ct. at 505. The district court correctly ruled therefore that appellant's cause of action accrued at the latest on October 16, 1984.

Appellant's equitable tolling argument based on her handicap, not raised in the district court, is one we decline to consider for the first time on appeal. *See Yee v. City of Escondido,* — U.S. —, —, 112 S.Ct. 1522, 1529, 118 L.Ed.2d 153 (1992); *Getty Petroleum Corp. v. Bartco Petroleum Corp.,* 858 F.2d 103, 107 (2d Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989); *Long Island Airports Limousine Serv. Corp. v. Playboy–Elsinore Assocs.,* 739 F.2d 101, 104 (2d Cir.1984).

### 2. Three–Year Statute of Limitations for § 504

We turn now to decide what statute of limitations should be applied to appellant's Rehabilitation Act claim. Section 504 of that Act provides in relevant part that "[n]o otherwise qualified individual with handicaps ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (1988). No limitation of time is set forth in the Act for actions brought pursuant to § 504. Accordingly, we are required in determining the applicable limitations period to select the "most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987); *Wilson v. Garcia,* 471 U.S. 261, 266–68, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985); *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980).

What state statute of limitations should apply to Rehabilitation Act claims is presently an open matter. The Supreme Court has not had occasion to decide this question, nor have we. Morse believes that the nature of harm suffered in an action for statutorily prohibited discrimination is primarily economic, and that no personal injury is alleged. One court has applied a state's limitation period which extended to

"actions relating to ... employment," unless based on contract, *see Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 683–84 (7th Cir.1987), others have used a period of repose for actions created by statute, *see Marin v. New York State Dep't of Labor*, 512 F.Supp. 353, 355 (S.D.N.Y.1981). In actions brought under Title VI of the Civil Rights Act, on which § 504 was modeled, *see Doe v. Southeastern Univ.*, 732 F.Supp. 7, 9 (D.D.C.1990), the federal trend is to look to the statute of limitations used in analogous federal discrimination actions such as those brought under 42 U.S.C. §§ 1981 and 1983. *Id.* (collecting cases).

We have ruled that discrimination actions brought pursuant to 42 U.S.C. §§ 1981 and 1983 are most analogous to personal injury actions under state law; hence, the corresponding state statute of limitations has been deemed controlling. *See Okure v. Owens*, 816 F.2d 45, 47–49 (2d Cir.1987), *aff'd*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Moreover, in *Fleming v. New York Univ.*, 865 F.2d 478, 481–2, n. 1 (2d Cir.1989), we suggested that the analysis undertaken with respect to such claims in *Goodman* and *Wilson* may be equally applicable to actions brought under the Rehabilitation Act. We pointed out that *Goodman*, "in characterizing discrimination claims as a 'fundamental injury to the individual rights of a person' and thus akin to personal injury actions," appeared to suggest that such was the case. *Id.* (quoting *Goodman*, 482 U.S. at 661, 107 S.Ct. at 2621).

In *Wilson* the Supreme Court observed that in view of the broad remedial purpose and wide diversity of claims embraced by 42 U.S.C. § 1983, "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation" supported the conclusion that a single, appropriate statute of limitations should be applied to all § 1983 claims. 471 U.S. at 275, 105 S.Ct. at 1946. In selecting the governing statute of limitations, the Court examined Congress' purpose in enacting the statute and found it to be "a general remedy for injuries to personal rights." *Id.* at 276–78, 105 S.Ct. at 1947–48. Characterizing a violation of

the statute as "an injury to the individual rights of the person," *id.* at 277, 105 S.Ct. at 1947, the Court further noted that § 1983 claims are best characterized as personal injury actions, and the corresponding state statute of limitations was the one to be applied to all such claims. *Id.* at 280, 105 S.Ct. at 1949.

The *Wilson* analysis was extended in *Goodman* to causes of action under § 1981. The Supreme Court there described § 1981 as part of the federal law barring racial discrimination, which is "a fundamental injury to the individual rights of a person," notwithstanding that it may have broad economic consequences. 482 U.S. at 661, 107 S.Ct. at 2621. This is because the economic impact of the statute "flows from guaranteeing the *personal right* to engage in economically significant activity free from racially discriminatory interference." *Id.* at 661–62, 107 S.Ct. at 2621 (emphasis added). The Court believed that *Wilson*'s description of § 1983 claims as similar to personal injury actions under state law was applicable to claims brought pursuant to § 1981. *Id.*

Section 504 of the Rehabilitation Act aims to "prohibit[ ] discrimination, exclusion or denial of benefits to otherwise qualified handicapped individuals." S.Rep. No. 318, 93d Cong., 1st Sess. (1973), *reprinted in* 1973 U.S.C.C.A.N. 2076, 2143. In prohibiting discrimination on the basis of a person's handicap, § 504 has the same type of broad, remedial goals as §§ 1981 and 1983, and encompasses also a wide diversity of claims. *See, e.g., P.C. v. McLaughlin*, 913 F.2d 1033, 1041–42 (2d Cir.1990) (educational opportunities); *Fleming*, 865 F.2d at 478 (student housing); *New York State Assoc. for Retarded Children, Inc. v. Carey*, 612 F.2d 644 (2d Cir.1979) (public school health restrictions); *Raggi v. Wegmans Food Markets, Inc.*, 779 F.Supp. 705 (W.D.N.Y.1991) (termination of employment). The Supreme Court's reasoning in *Wilson* and *Goodman*—rejecting a case-by-case approach to statute of limitations questions—is thus equally compelling with respect to § 504 actions. The selection of one particular state statute of limitations

applicable to all claims brought under § 504 provides that certainty and consistency the lack of which was criticized in *Wilson* and *Goodman*.

We turn to the question of which state statute of limitations is most appropriately applied to such claims. Section 504 of the Rehabilitation Act has been consistently characterized as part of the general corpus of discrimination law. *See, e.g., McLaughlin*, 913 F.2d at 1041; *Fleming*, 865 F.2d at 482; *Carey*, 612 F.2d at 649. As such, discrimination prohibited by § 504—though addressing a different bias—is like that forbidden by the civil rights laws. Like § 1983, § 504 may also be described as "conferring a general remedy for injuries to personal rights." *Wilson*, 471 U.S. at 278, 105 S.Ct. at 1948.

As a consequence, we now hold that actions under § 504 of the Rehabilitation Act are governed by the state statute of limitations applicable to personal injury actions. Accordingly, Judge Parker properly applied Vermont's three-year statute of limitations for personal injury actions, Vt.Stat.Ann. tit. 12, § 512(4), to Morse's § 504 Rehabilitation Act suit and correctly granted summary judgment dismissing it as time-barred.

### 3. Retroactive Application

■ Appellant nonetheless contends that, even if Vermont's statute of limitations governing personal injuries applies to her federal cause of action, retroactive application should not be made barring her suit. In *Goodman*, the Supreme Court addressed the application of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to its determination of the governing statute of limitations for § 1981 claims and rejected the same argument. 482 U.S. at 662–64, 107 S.Ct. at 2621–22. It explained that under *Chevron* nonretroactivity was appropriate when the statute of limitations decision overruled clear precedent on which the plaintiff was entitled to rely, the new limitations period has been occasioned by a change in the substantive law the purpose of which would not be served by retroactivity, and

retroactive application would be inequitable. *Id.* at 662, 107 S.Ct. at 2621.

As in *Goodman*, these factors do not militate against retroactive application in the present case. There was no clearly established precedent on which Morse was entitled to rely, since at the time she filed her suit neither the Supreme Court nor we had specified the applicable limitations period for Rehabilitation Act claims. The three-year limitations period was not occasioned by a change in the substantive law the purposes of which would not be served by retroactivity. Nor do the equities favor appellant; she is charged with knowledge of the unsettled nature of the law at the time she filed her complaint. Hence, the trial court properly applied Vermont's three-year statute of limitations to Morse's Rehabilitation Act cause of action.

### B. *The Vermont Public Accommodation Act Claim*

■ The district court also granted the university summary judgment with respect to appellant's pendent state law discrimination claim, reasoning that Vermont's statute of limitations for personal injury actions, Vt.Stat.Ann. tit. 12, § 512(4), applied to actions brought pursuant to Vt.Stat.Ann. tit. 9, § 4502, and that this cause of action accrued at the latest at the time of UVM's withdrawal of its offer of readmission, time-barring it. We need not decide whether this analysis was correct since we think it was an abuse of the district court's discretion to exercise jurisdiction over the pendent state law discrimination claim after it had dismissed the federal action.

We recognize that the exercise of pendent jurisdiction is generally a matter for the exercise of a district court's discretion. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Yet, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619,

**128**

98 L.Ed.2d 720 (1988). *See also Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988); *Independent Bankers Ass'n of N.Y. State, Inc. v. Marine Midland Bank*, 757 F.2d 453, 464 (2d Cir.1985), *cert. denied*, 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986). Consequently, it may be an abuse of discretion for a district court to refuse to dismiss a pendent state claim after it dismisses a federal claim, particularly where the state cause of action that remains for decision in federal court involves novel questions of state law. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054 (2d Cir.1990). That is the situation here.

Appellant's federal claim was dismissed as time-barred, that is, that cause of action was dismissed before trial. The Vermont courts have not yet decided what should be the applicable period of repose for actions brought under Vermont's Public Accommodation Act. Principles of comity therefore dictate that this question be left for decision by the state courts. Because this undecided question of state law remained, rather than grant summary judgment dismissing it, the district court should have remanded the pendent state cause of action to the Vermont courts.

CONCLUSION

Accordingly, that portion of the district court's judgment granting summary judgment to UVM on appellant's Rehabilitation Act claim is affirmed. That portion of the judgment granting summary judgment to UVM on appellant's state law discrimination claim is reversed, and the case is remanded to the district court with directions that it remand the pendent state cause of action to the Vermont courts.