**Melvin S. ARONOFF and Rita Patricia Zilbermann, as Independent Executrix of the Last Will and Testament of Andre H. Zilbermann, Plaintiffs,**

v.

**Andrew T. DWYER, Ernest Grendi, Joseph Grendi, Innis O'Rourke, Jr., Craig C. Perry, Edmund S. Twining, Jr., George M. Duff, Jr. and Ernst & Young, Defendants.**

No. 94 Civ. 2201 (WCC).

United States District Court,
S.D. New York.

Feb. 2, 1996.

Schulte Roth & Zabel, New York City (Martin L. Perschetz, Howard O. Godnick, Patricia A. Connell, Michael J. Crane, of counsel), Ernst & Young, for Defendant Ernst & Young.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

Plaintiffs have made a motion requesting this court to exercise supplemental jurisdiction over their state law claims against Ernst & Young ("E & Y") for common law fraud and negligent misrepresentation. For the reasons set forth below, plaintiffs' motion is denied.

## BACKGROUND

This case is one of four related actions pending before this court that arise from the collapse of JWP, Inc. ("JWP"). The other three are: *In re JWP, Inc. Securities Litigation*, Master File No. 92 Civ. 5815 (WCC), which is a consolidated class action brought by shareholders against members of JWP's management and E & Y, JWP's independent auditor for the relevant time period; *AUSA Life Insurance Co. v. Dwyer*, No. 93 Civ. 6830 (WCC), which is a suit by several large institutional investors that purchased JWP's debt securities against members of JWP's management; and *AUSA Life Insurance Co. v. Ernst & Young* ("AUSA action"), No. 94 Civ. 3116 (WCC), which was brought by several of the same institutional investors against E & Y.

The present action arises out of JWP's purchase, in August 1991, of a company owned by Andre H. Zilberman[1] and plaintiff Melvin S. Aronoff. Under the merger agreement, Zilberman and Aronoff received a mixture of cash and JWP common stock. Approximately one year later, JWP made public announcements that indicated that it was experiencing financial difficulties. Share prices dropped, and shareholders filed a number of securities fraud lawsuits. Zilberman and Aronoff sold virtually all of their stock in August 1992.

Zwerling, Schachter, Zwerling & Koppell, L.L.P., New York City (Robin F. Zwerling, Joseph Lipofsky, of counsel), for Plaintiffs.

---

**1.** Plaintiff Rita Patricia Zilberman brings this action as executrix of Andre H. Zilberman's es- tate.

Plaintiffs initiated this lawsuit on March 29, 1994, and filed an amended complaint on August 26, 1994. Plaintiffs asserted claims under federal securities law, as well as state law claims for common law fraud and negligent misrepresentation, against E & Y and the individual defendants. Plaintiffs' state law claims against E & Y concern statements made by E & Y in unqualified audit reports issued on JWP's 1990 and 1991 financial statements. *See* Amended Complaint, at ¶¶ 146–51, attached as Exhibit 1 to Affidavit of Robin F. Zwerling, dated May 24, 1995.

On October 12, 1994, E & Y filed a motion to dismiss the amended complaint. In a ruling from the bench delivered on January 6, 1995, Judge Brieant held that plaintiffs' federal securities claims against E & Y were barred by the statute of limitations. Judge Brieant declined to retain supplemental jurisdiction over plaintiffs' state law claims against E & Y and dismissed those claims without prejudice.

In the AUSA action, the institutional investors have also asserted federal securities law claims, as well as state law claims for common law fraud and negligent misrepresentation, against E & Y. Those claims involve the period from 1988 to 1992 and concern no-default certificates issued by E & Y, as well as audit reports for each of those years. *See* AUSA Complaint, at ¶¶ 3–6, 46–48, 50, attached as Exhibit 2 to Zwerling Aff. The claims therefore include allegations relating to E & Y's unqualified audit reports on JWP's 1990 and 1991 financial statements. When Judge Brieant made his January 6 ruling in this case, E & Y's motion to dismiss the complaint in the AUSA action was pending. On March 30, 1995, Judge Brieant issued a written ruling denying that motion. This court therefore retained supplemental jurisdiction over the institutional investors' state law claims.

Plaintiffs subsequently filed this motion requesting us to modify Judge Brieant's January 6 order and to exercise supplemental jurisdiction over plaintiffs' state law claims against E & Y.

## DISCUSSION

■ "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a). A district court may, as Judge Brieant did in this case, decline to exercise that jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). That decision is ordinarily within the district court's discretion. *See Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir.1992).

As a preliminary matter, we note that the heart of plaintiffs' argument is their contention that judicial efficiency will be served if their state law claims against E & Y are litigated before us. Plaintiffs have made this argument before. In their opposition to E & Y's motion to dismiss, plaintiffs argued that even if Judge Brieant were to dismiss plaintiffs' federal securities claims, this court should retain supplemental jurisdiction over plaintiffs' state law claims because judicial efficiency concerns counseled that all of the claims arising out of the collapse of JWP should be litigated in one forum. Plaintiffs pointed out that their state law claims against E & Y arose out of facts and circumstances already before the court in the related class action. *See* Plaintiffs' Memorandum of Law in Opposition, dated Nov. 30, 1994, at 24, attached as Exhibit A to Affidavit of Martin L. Perschetz, dated June 26, 1995; Consolidated Amended Class Action Complaint, dated January 15, 1993, at ¶¶ 133–39 (containing allegations identical to plaintiffs' allegations concerning E & Y's audit reports on JWP's 1991 financial statements; class plaintiffs asserted no claims on audit reports for 1990 statements). Judge Brieant rejected plaintiffs' argument. While plaintiffs presently rely on the similarity between their claims against E & Y and the institutional investors' claims, rather than on the similarity between their claims and the class plaintiffs' claims, the concerns that they raise are the same. Because the court has previously considered and rejected plaintiffs' argument, they face an uphill battle on this motion.

Judge Brieant's January 6 order is clearly interlocutory in nature. Indeed, Judge Brieant explicitly declined to enter final judgment under Rule 54(b) on the claims that he dismissed. *See* Transcript, dated Jan. 6, 1995, at 38, attached as Exhibit 3 to Zwerling Aff. Plaintiffs' motion is therefore addressed to the court's power to modify interlocutory orders at any time before the entry of judgment. *See* Fed.R.Civ.P. 54(b).[2] The court's exercise of its power to reconsider its own decisions is guided by the strictures of the law of the case doctrine. *See Virgin Atlantic Airways, Ltd. v. National Mediation Board,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). Although the Second Circuit has explained that application of this doctrine is discretionary, it has stated that " 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.' " *Id.* (quoting *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964)).

█ The major grounds that justify reconsideration are: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic,* 956 F.2d at 1255. Plaintiffs do not contend that there has been any change in the controlling law or that Judge Brieant committed clear error in his January 6 ruling. Instead, plaintiffs argue that the court's March 30 decision, in which it retained supplemental jurisdiction over the institutional investors' state law claims against E & Y, created a new factual circumstance that was not present when Judge Brieant made his January 6 ruling. Plaintiffs argue that based on this "new evidence," we should revisit the court's previous decision not to retain supplemental jurisdiction over plaintiffs' state law claims against E & Y.

Plaintiffs' argument fails for the simple reason that the "evidence" that it has pre-

sented to us is not new. The plain language of section 1367 provides that the district court *shall have* supplemental jurisdiction over claims that form part of the same case or controversy unless the court, in its discretion, declines to exercise that jurisdiction under one of the enumerated exceptions. *See* 28 U.S.C. § 1367. There is no question that the state law claims asserted by the institutional investors in the AUSA action arose from the same facts and circumstances as their federal securities claims. This court therefore has supplemental jurisdiction over those state law claims, until it declines to exercise that jurisdiction. Hence, we had supplemental jurisdiction over the institutional investors' state law claims against E & Y before the March 30 ruling, as well as after that decision. Judge Brieant's March 30 ruling did not create a new factual circumstance that would constitute new evidence. Accordingly, plaintiffs are not entitled to modification of the January 6 order on this ground.

Plaintiffs have also failed to persuade us that modification of the court's January 6 order is necessary to prevent manifest injustice. Plaintiffs contend, as they did before Judge Brieant, that pursuing their state law claims against E & Y in state court would be expensive and that litigating plaintiffs' and the institutional investors' claims against E & Y separately would be inefficient. There may well be some truth to plaintiffs' assertions, but the concerns that they raise do not give us reason to believe that it will be manifestly unjust to require them to pursue their state law claims, if they choose to do so, in state court.

Finally, we note that if we were to modify Judge Brieant's January 6 order to exercise supplemental jurisdiction over plaintiffs' state law claims against E & Y, it might lengthen and complicate the trial of these actions. For instance, although we cannot be certain how plaintiffs would present their case, it appears likely from their pleadings that plaintiffs would rely primarily on a

---

**2.** Plaintiffs' reliance, in the alternative, on Fed. R.Civ.P. 60(b) is misplaced, as Rule 60(b) applies only to modifications of final orders.

Furthermore, plaintiffs may not make a motion for reargument or reconsideration of the January

6 order. Under Local Rule 3(j), such a motion must be made within 10 days of the issuance of the order for which reargument is sought.

fraud-on-the-market theory to establish justifiable reliance on E & Y's audit reports on JWP's 1990 and 1991 financial statements. By contrast, the institutional investors are likely to focus on proving that they relied directly on those audit reports. The class plaintiffs will probably rely on a fraud-on-the-market theory, but only E & Y's audit reports on JWP's 1991 financial statements are at issue in that case. Therefore, only plaintiffs are likely to present evidence intended to establish justifiable reliance under a fraud-on-the-market theory with respect to E & Y's audit reports on JWP's 1990 financial statements. Furthermore, because plaintiffs acquired their JWP common stock pursuant to a merger agreement, the evidence regarding other elements of their claims may differ from that presented on the claims asserted by the class plaintiffs, who purchased their common stock on the open market, and by the institutional investors, who purchased debt instruments. We have no desire to create a possibility of further complicating a trial that already promises to be extraordinarily lengthy and complex.

## CONCLUSION

For the foregoing reasons, we deny plaintiffs' motion seeking modification of the court's order, dated January 6, 1995, declining to exercise supplemental jurisdiction over plaintiffs' state law claims against E & Y.