108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Kathy CORAGGIO, Plaintiff-Appellant,
v.
TIME INC. MAGAZINE COMPANY, Time Warner, Inc., Karen Magee,
Lisa Pols, Defendants-Appellees.
 No. 96-74.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 
 APPEARING FOR APPELLANT: GARY E. ROTH, Leib, Kraus, Grispin & Roth, Scotch Plains, New Jersey (Richard M. Cohen, of counsel).
 APPEARING FOR APPELLEES: BRUCE S. KAPLAN, Friedman & Kaplan, New York, New York (Robert D. Kaplan, Robert S. Loigman, Friedman & Kaplan, Robert E. McCarthy, Paul G. Gardephe, Stephen Keyes, Time Inc., on the brief).
 Before GRAAFEILAND, MESKILL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff appeals from an order of the United States District Court for the Southern District of New York, granting defendants' motion for summary judgment on plaintiff's claims of pregnancy discrimination under the Pregnancy Discrimination Act of Title VII, 42 U.S.C. § 2000e(k), pregnancy discrimination under New York law and marital status discrimination under New York law. Plaintiff contends that the district court erred when in granted summary judgment to defendants on her Title VII claim and her New York state law claims, and that the district court further erred when it adjudicated her state law claims after dismissal of her Title VII claim.
 
 
 4
 We affirm the judgment of the district court granting the defendants' motion for summary judgment for substantially the reasons stated in the district court's opinion and order dated March 27, 1996. See Coraggio v. Time Inc. Magazine Co., No. 94 Civ. 5429, 1996 WL 139786 (S.D.N.Y. Mar. 27, 1996). We write here only to consider whether the district court erred when it adjudicated plaintiff's state law claims after it decided to dismiss her only federal claim.
 
 
 5
 We review the district court's exercise of pendent jurisdiction over plaintiff's state law claims notwithstanding its decision to dismiss plaintiff's federal claim for abuse of discretion. See Raucci v. Town of Rotterdam, 902 F.2d 1050, 1054 (2d Cir.1990). While the failure to dismiss a pendent claim after dismissing a federal claim may, in some circumstances, be an abuse of discretion, "the dismissal of pendent claims is not always required when federal claims in an action are dismissed." Id.; see also Baylis v. Marriott Corp., 843 F.2d 658, 664-65 (2d Cir.1988). Instead, "[t]he court must consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over the pendent claim." Raucci, 902 F.2d at 1055.
 
 
 6
 We have frequently upheld summary judgments with respect to both state and federal claims in cases brought under Title VII and corresponding state discrimination laws. See, e.g., Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 715 (2d Cir.1996); Stetson v. NYNEX Serv. Co., 995 F.2d 355 (2d Cir.1993). Plaintiff relies principally on Morse v. University of Vermont, 973 F.2d 122 (2d Cir.1992), in which we held that the district court abused its discretion by exercising pendent jurisdiction over a state law claim that required the court to resolve an undecided question of state law. Id. at 127-28. Here, in contrast, plaintiff's state law claims are controlled by established precedent derived from Title VII case law. See Miller Brewery Co. v. State Div'n of Human Rights, 498 N.Y.S.2d 776, 777-78 (N.Y.1985).
 
 
 7
 Accordingly, we hold that the district court did not abuse its discretion when it exercised pendent jurisdiction over plaintiff's state law claims and dismissed those claims on the merits, notwithstanding its decision to dismiss plaintiff's federal claim.
 
 
 8
 We have considered all of the plaintiff's arguments on appeal and find them to be without merit.
 
 
 9
 Accordingly, the judgment of the District Court is hereby AFFIRMED.