Hector **RODRIGUEZ**, Clara Tavarez, Stella, Toribio a/k/a Estella Toribia, Francisco Castillo, Plaintiffs,

v.

**551 WEST 157TH STREET OWNERS CORP., Defendant.**

No. 97 Civ. 2683(JSR).

United States District Court, S.D. New York.

Jan. 27, 1998.

---

The Legal Aid Society (Harvey Ebstein, of counsel), New York City, for plaintiff.

Paul E. Bleiter, New York City, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiffs, four mobility-impaired tenants of 551 West 157th Street, allege that the failure of the defendant landlord to install a ramp or lift that will make the building entrance accessible to wheelchairs constitutes a violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, section 8–107(5) of the New York City Administrative Code, and the New York City Building Code, N.Y.Admin.Code, Title 27. Both sides timely moved for summary judg-ment and, upon consideration of the parties' written submissions and oral arguments, the Court telephonically advised the parties on December 2, 1997 that plaintiffs, motion would be denied and defendants motion granted. This memorandum will serve to confirm those rulings and briefly state the reasons therefor.

The relevant facts, taken most favorably to plaintiffs but largely undisputed, can be briefly summarized. The building located at 551 West 157th Street was constructed in 1910. *See* Affidavit of Frank Ferranti, dated October 16, 1997 ("Ferranti Aff."), Ex. C. Plaintiff Hector Rodriguez, who has resided at 551 West 157th Street for over forty years, is afflicted with cerebral palsy and is confined to a wheelchair, rendering him unable to enter and exit the building without assistance. *See* Affidavit of Hector Rodriguez, dated October 16, 1997, at ¶¶ 2, 6. Plaintiff Clara Tavarez is disabled and cannot enter and leave the building without assistance. *See* Affidavit of Clara Tavarez, dated October 16, 1997, at ¶ 6. Plaintiff Francisco Castillo has had two strokes during the past few years and as a result is unable to enter and exit the building without assistance. *See* Affidavit of Francisco Castillo, dated October 16, 1997, at ¶ 6. Finally, plaintiff Estella Toribio, who is seventy-three years old, *see* Affidavit of Estella Toribio, dated October 16, 1997, at ¶ 7, and has lived in the building for over thirty years, *id.* ¶ 2, suffers from diabetes, high blood pressure, and osteoporosis, which makes it difficult for her to walk and precludes her from entering or exiting the building without assistance. *Id.* ¶ 7. Plaintiffs, through their attorney, have demanded that defendant install a lift or ramp that will make the entrance of the building wheelchair-accessible, so that they can enter or exit on their own. Estimates for the cost of such a modification range from $25,000 to $55,000. *See* Ferranti Aff. Ex. E.

At the outset, the Court must regretfully note that plaintiffs' counsel, though ably portraying the sympathetic nature of his clients' conditions, has woefully failed to supply the necessary prerequisites to a proper summary judgment motion. Among much else, plaintiffs' counsel has entirely failed to

submit the statement of undisputed material facts required by Local Civil Rule 56.1, a sufficient ground in itself to deny plaintiffs' motion. *See* Local Civil Rule 56.1(a). However, the Court does not rest on this alone, but reaches the legal merits of the parties' competing motions so far as the federal cause of action is concerned.

Specifically, the Complaint, at ¶¶ 32 and 35, alleges that defendant's failure to provide an entrance lift or ramp constitutes discrimination in violation of Section 3604(f)(2) of the Fair Housing Act, which makes it unlawful:

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>
> (A) that person;
>
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> (C) any person associated with that person.

Section 3604(f)(3)(B) further provides that for purposes of subsection (f), "discrimination includes ... a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

Plaintiffs contend that defendant's refusal to make the building entrance accessible to wheelchairs constitutes a failure to make a "reasonable accommodation" in violation of the above-quoted provisions. However, the plain language of the statute defines this requirement in terms of reasonable accommodations in "rules, policies, practices, or services," 42 U.S.C. § 3604(f)(3)(B) and, by contrast with § 3604(f)(2), notably fails to mention "facilities." To undertake to construct an entirely new facility in an existing building does not, under these circumstances, qualify as an "accommodation" of a "rule, policy, practice or service," when the term "construction" is nowhere to be found and

the term "facility" is excluded. *Cf. Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir.1995) (affirming injunction requiring cooperative to abandon first come/first serve policy and to provide plaintiff with spot in its parking garage). Indeed, plaintiffs cite no case, and the Court is aware of none, interpreting section 3604(f) to require a landlord to undertake wholly new construction.[1]

Moreover, even if one were to assume *arguendo* that section 3604(f) could in some circumstances be read to require a landlord to undertake new construction, such accommodation must still be "reasonable" and therefore not "pose an undue hardship or a substantial burden," *Shapiro*, 51 F.3d at 335; *see also, e.g., Salute v. Greens*, 918 F.Supp. 660, 667 (E.D.N.Y.1996) ("[a]lthough the reasonable accommodation provision can and often will require a landlord to incur some expense, it does not require adjustments or modifications to existing programs that would be substantial, or would fundamentally alter the nature of the program, or pose an undue hardship or substantial burden"). Here, installation of an entrance ramp at a minimum cost of $25,0000 would not constitute a "reasonable" accommodation, particularly in light of unrebutted evidence that defendant has incurred financial losses in the operation of the building over the last three years. *See* Ferranti Aff., Ex. D.

For these reasons, plaintiffs' Fair Housing Act claims must be dismissed. Further, the Court declines to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c); *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir.1992). Accordingly, plaintiffs' motion is denied, defendant's motion is granted, and the Complaint is dismissed in entirety. Clerk to enter judgment.

SO ORDERED.

---

1. The dictum in *Oxford House, Inc. v. Township of Cherry Hill*, 799 F.Supp. 450, 462 n. 25 (D.N.J. 1992), on which plaintiffs selectively rely, is inapposite because, among other reasons, the accommodation being sought in that case was not new construction but rather adjustment of a municipal zoning ordinance.