18-3305
*Johnson v. New York University*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty.

PRESENT:
> PETER W. HALL,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Vandyke Johnson,

> *Plaintiff-Appellant,*

v.                                                          18-3305

New York University, New York University Board of Trustees, Andrew

**Hamilton, in his official and individual capacity, Cynthia Perez, in her official and individual capacity, Teresa Gargiulo, in her official and individual capacity,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:     Vandyke Johnson, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:     William H. Miller, III, Esq., New York University Office of General Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Vandyke Johnson, a former New York University student proceeding pro se, sued the University and several of its employees (hereinafter, referred to collectively as Defendants-Appellees "NYU") under 42 U.S.C. §§ 1981 and 2000d *et seq.* (also known as Title VI of the Civil Rights Act) and state law. Johnson alleged that NYU discriminated against him based on his race and gender when they expelled him in 2007 after he was criminally charged with (but acquitted of)

2

grand larceny, and then refused to readmit him in 2017. NYU initially did not timely respond to the complaint, and the clerk of the district court entered a certificate of default. On NYU's motions, the district court vacated the default and later dismissed the complaint, reasoning that the federal discrimination claims were time-barred and failed to state a claim, and declining to exercise supplemental jurisdiction over the state law claims. Johnson appealed; he challenges the vacatur of default, the district court's determinations that his complaint was time-barred and failed to state a claim, and the court's denial of his motion for leave to file an amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I. Vacatur of Entry of Default

A court may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). We have established three criteria for courts to consider when determining whether to set aside default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). We review a district court's decision to vacate an entry of default for

3

abuse of discretion, *id.* at 95, bearing in mind the "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted).

We discern no error, let alone an abuse of discretion, in the magistrate judge's determination that the default was not willful. Counsel for NYU contacted the court within two business days of default being entered and moved to vacate within two weeks as directed by the district court. Contrary to Johnson's arguments, NYU's counsel's failure to contact the court until after default had been entered does not demonstrate that the default was willful; rather, prompt correspondence with the district court setting forth the reasons for the oversight and seeking permission for a motion to set aside the entry of default suggests that the default was not willful. *See Enron Oil Corp.*, 10 F.3d at 98. The decision to vacate default was well within the court's discretion. *See Green*, 420 F.3d at 104 ("[A]ll doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."). Moreover, we decline to consider Johnson's argument, raised for the first time on appeal, that the district court should have determined whether

4

NYU had correctly calculated their time to respond. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

## II.    Motion to Dismiss

Johnson's federal claims relating to his 2007 expulsion and 2017 denial of readmission arose under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*    Section 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens . . . . " 42 U.S.C. § 1981(a).   "This section thus outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship . . . ."   *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004).   Title VI "prohibits a recipient of federal funds from discriminating on the basis of race, color, or national origin."   *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664 (2d Cir. 2012).   The district court dismissed any claims related to the 2007 expulsion as untimely and found that the allegations related to the 2017 denial of readmission failed to state a claim upon which relief could be granted. We review de novo the grant of a motion to dismiss, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's

favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

The district court correctly concluded that Johnson's claims arising out of his expulsion from the University in 2007 were untimely, as the applicable statute of limitations is three years and Johnson did not file his complaint until 2017. *See Patterson*, 375 F.3d at 225 ("The statute of limitations applicable to claims brought under []§ 1981 . . . in New York is three years."); *Morse v. Univ. of Vermont*, 973 F.2d 122, 126 (2d Cir. 1992) (stating that for Title VI actions, "the federal trend is to look to the statute of limitations used in analogous federal discrimination actions such as those brought under 42 U.S.C. §§ 1981 and 1983"). We likewise agree with the district court that Johnson did not benefit from the continuing violation doctrine, under which the statute of limitations period can be extended when "a plaintiff has experienced a continuous practice and policy of discrimination." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (internal quotation marks and citations omitted). Johnson's situation does not qualify for relief under this doctrine because his expulsion in 2007 and the denial of readmittance in 2017 are discrete incidents which are "easy to identify" and thus not evidence of a continuing

6

violation.  *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012) (internal quotation marks omitted).

We find no error in the district court's refusal to consider, on a motion to dismiss, an affidavit signed by former dean Dennis Di Lorenzo, who reviewed Johnson's application for readmission in 2017 and opined that Johnson's qualifications, "including his disciplinary history," did not merit admission into the University.   Johnson argues that this affidavit—which was not attached to the complaint or the motion to dismiss, but rather submitted in support of NYU's motion to vacate default—would have raised an inference that NYU discriminated against him when they denied him readmission in 2017.   This argument is without merit.   The district court was not required to consider the Di Lorenzo affidavit because it was outside the pleadings.  *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (stating that, on a motion to dismiss, a district court must *either* "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment" (internal quotation marks omitted)).   And even if the court had considered the affidavit, the affidavit stated only that the decision to deny readmission to Johnson was based partly on

his disciplinary history; there is nothing in the affidavit that raises an inference that the denial of readmission was based on Johnson's race.

The district court properly dismissed Johnson's claims arising out of the denial of his readmission in 2017 for failure to state a claim. As an initial matter, Johnson failed to state a plausible claim under any applicable gender discrimination statute. His allegations of gender discrimination are wholly conclusory as his complaint contained no facts relating to gender discrimination. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, to state a claim, a plaintiff must plead "more than labels and conclusions").

As to the race discrimination claims, to defeat a motion to dismiss, Johnson needed only plead facts that "[gave] plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Johnson's complaint attempted to raise an inference of discrimination by referencing three white male students who, he claims, were disciplined differently by the University after having been accused (or convicted) of crimes. While a plaintiff may "raise[] an inference of discrimination by showing that [he] was subjected to disparate treatment" in comparison to others, the comparators must be "similarly situated" to the plaintiff "in all material

8

respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). We agree with the district court that the white comparators Johnson cited did not meet this standard since none of the comparators had sought (let alone been granted) readmission after being expelled. It is true that comparators need not be identical, but there must be at least a "reasonably close resemblance of the facts and circumstances," *id.* at 40, which was not the case here. Because his allegations did not raise an inference of discrimination, the district court did not err by dismissing his complaint. *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994) ("A plaintiff alleging racial or gender discrimination by a university must do more that recite conclusory assertions.").

### III. Leave to Amend

Finally, the district court did not err by denying leave to amend. The denial of leave to amend is generally reviewed for abuse of discretion, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), but if the district court denies leave because the proposed amended complaint does not state a claim upon which relief can be granted, review is de novo, *Anderson News L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–186 (2d Cir. 2012). "While generally leave to amend should be freely

9

granted, it may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). Johnson's proposed amended complaint was substantively identical to the previous version and did not allege any nonconclusory facts showing that NYU had discriminated against him. The court was correct to deny leave to amend as it would have been futile. *See id.*

We have considered Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court