22-2543
*Abdel-Fakhara v. Vermont*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

FATIME ABDEL-FAKHARA, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, MAURICIO ESTEBAN GARCIA GIRALDO, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, SYLVANA CARNEIRO HETKA, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, HRH LINUS NTO MBAH, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, PAULINA FUENTES MOAD, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, LINH THI THUY PHAM, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, TONGYI WANG, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, JUSTIN SINGH, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, JARED GRESTONI, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, MAXIM SMOLENTSEV, INDIVIDUALLY, AND ON BEHALF OF A

1

CLASS OF SIMILARLY SITUATED PERSONS,

*Plaintiffs-Appellants*,

v.                                                                    22-2543

STATE OF VERMONT, (INCLUDING SPECIFICALLY, BUT
NOT LIMITED TO, THE STATE OF VERMONT AGENCY
OF COMMERCE AND COMMUNITY DEVELOPMENT,
THE STATE OF VERMONT DEPARTMENT OF
FINANCIAL REGULATION, THE STATE OF VERMONT
OFFICE OF THE ATTORNEY GENERAL) OTHER STATE
OF VERMONT AGENCY OFCOMMERCE AND
COMMUNITY DEVELOPMENT OTHER STATE OF
VERMONT DEPARTMENT OF FINANCIAL REGULATION
OTHER STATE OF VERMONT OFFICE OF THE
ATTORNEY GENERAL, DAVID CASSETTY, SUSAN
DONEGAN, JOHN KESSLER, EUGENE FULLAM,
WILLIAM GRIFFIN, PATRICIA MOULTON, MICHAEL
PIECIAK,

*Defendants-Appellees*,

JOHN/JANE DOES 1-10,

*Defendants.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | RUSSELL D. BARR (Chandler Matson *on the brief*), Barr Law Group, Stowe, VT, and Lawrence D. Rosenberg, Jones Day, Washington, DC. |
| For Defendants-Appellees: | KATE GALLAGHER, Assistant Attorney General (David R. Groff, Assistant Attorney General, *on the brief*), *on behalf of* Charity R. Clark, Attorney General, State of Vermont, Montpelier, VT. |

Appeal from September 6, 2022, order of the United States District Court for the District of Vermont (Crawford, *J.*), dismissing the complaint.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Fatime Abdel-Fakhara *et al*. ("Appellants") appeal from a September 6, 2022, order of the United States District Court for the District of Vermont. *See Abdel-Fakhara v. Vermont*, No. 5:21-CV-198, 2022 WL 4079491 (D. Vt. Sept. 6, 2022). Appellants argue that the district court erred in (1) dismissing the complaint's conspiracy claims based on the statute of limitations, and abused its discretion in declining to permit equitable tolling; (2) granting certain Defendants-Appellees immunity as to the gross negligence claims; and (3) dismissing the takings claim against the State of Vermont (the "State") on the basis of sovereign immunity. They argue that this Court should reverse and remand to the district court.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*    \*    \*

## I.    Statute of Limitations

We review "*de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." *DeSuze v. Ammon*, 990 F.3d 264, 268 (2d Cir. 2021) (internal quotation marks omitted). "When a district court determines that equitable tolling is inappropriate, we review the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion." *Id.*

Plaintiffs-Appellants argue first that the district court erred by failing to conduct separate analyses of their takings and due process conspiracy claims against the individual defendants and,

3

therefore, incorrectly calculating when these claims accrued. We disagree. Although these claims may be distinct, we see no difference in the accrual analysis: the procedural due process claim is derived entirely from the substantive takings claim.

We assess accrual of both claims in accordance with a "diligence-discovery" rule. A claim accrues when "the plaintiff has or . . . should have discovered the critical facts of both his injury and its cause." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 140 (2d Cir. 2011) (internal quotation marks omitted). We have elaborated that a plaintiff's knowledge is sufficient to trigger accrual when they know "enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998). Our test is "not an exacting requirement," and a claim "does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim." *Id.* We have said, however, that suspicions may "give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence." *Id.*

The district court concluded that Plaintiffs-Appellants' Section 1983 takings and due process conspiracy claims accrued no later than May 2017, when a different group of plaintiffs filed a lawsuit in state court against Vermont related to the same events. SA23–25. Because the claims accrued then, the district court reasoned, the applicable three-year statute of limitations would accordingly bar Appellants' conspiracy claims. *See Morse v. Univ. of Vt.*, 973 F.2d 122, 125–27 (2d Cir. 1992) (Section 1983 claim adopts the three-year limitations period for a state personal injury tort in Vermont). We agree. Appellants should have known "enough of the critical facts of injury and causation" at least by the time of the *Sutton* complaint, which alleged in detail how the "Kingdom Con" occurred and how State officials may have been involved, relying on theories including both negligence and fraud. *See Sutton v. Vt. Reg'l Ctr.*, No. 100-5-17 (Vt.

Super. Ct. May 30, 2017). Accordingly, Appellants' action would be barred after May 2020, more than a year before they filed this action. Their argument otherwise – that the claims would not accrue until late 2021, when documents released during the criminal sentencing of William Stenger made the State's motivations known for the first time – is belied by the record. Indeed, although Appellants argue that the Stenger documents "animate every allegation and claim within Plaintiffs' complaint," Appellants' Br. at 43, the original complaint filed in this case advanced takings and due process claims on the same theory, a month before the Stenger documents were released. *Compare Abdel-Fakhara et al. v. State of Vermont et al.*, No. 21-CV-198 (GWC) (D. Vt.), Docket No. 1 *with United States v. Stenger*, No. 19-CR-76 (GWC) (D. Vt.), Docket No. 374. To be sure, some significant evidence appears to have emerged from the documents: an email sent by Department of Financial Regulation ("DFR") Deputy Commissioner Michael Pieciak in February 2015, JA81; a DFR memorandum prepared in April 2015, JA 83; and an email sent by Vermont Regional Center ("VRC") Director Brent Raymond in May 2015, JA84. Claims accrue, however, not when evidence is accumulated but rather when an injury and its cause are known.[1] Accordingly, we AFFIRM the district court's decision to dismiss both conspiracy claims.

## II. Absolute and Qualified Immunity

Appellants argue next that the district court erred in granting absolute and qualified immunity to various officials as to the state law gross negligence claims. We again disagree. Appellants' principal argument is that the officials violated obligations in a memorandum of understanding with investors to ensure compliance with various securities and immigration laws.

---

[1] Plaintiffs-Appellants argue that even assuming the district court correctly identified the accrual date, the statute of limitations should have been equitably tolled because of fraudulent concealment. Before the district court, however, Plaintiffs-Appellants argued only that alleged fraud should affect the accrual analysis, not tolling. Appellants have therefore forfeited this argument.

Even assuming *arguendo* that the agreements imposed obligations directly upon the officials, we agree – for substantially the same reasons described in the thorough opinion of the district court – that a reasonable official could have responded in any number of ways to the facts that came to light over time about the Jay Peak fraud. Officials responded to the emerging allegations about the projects by launching an investigation of the developers, requiring amendments to the offering documents, and ultimately taking control of funds and overseeing their expenditure. *See* JA73, JA80, JA88, JA102. Far from "dictat[ing] a step-by-step course for DFR employees to follow when overseeing EB-5 projects," Appellants' Brief at 54, the State's agreements with investors left them to exercise their discretion in good faith – precisely the activity protected by Vermont statutory and common law immunity. *See Napolitano v. Flynn*, 949 F.2d 617, 622 (2d Cir. 1991); *Murray v. White*, 155 Vt. 621, 630 (1991). Accordingly we AFFIRM the district court's holdings as to the officials' immunity.

## III. Sovereign Immunity

Finally we reject Appellants' arguments that *Ex parte Young* would permit a suit against the State in these circumstances. Again for substantially the reasons described by the district court, we conclude that Appellants' suit seeks neither prospective nor injunctive relief, and is therefore barred by sovereign immunity. *See 74 Pinehurst LLC v. New York*, 59 F.4th 557, 569–70 (2d Cir. 2023) (rejecting a takings claim as barred by sovereign immunity).

\*　　\*　　\*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6