Sislyn **BENJAMIN**, Plaintiff–Appellant,

v.

**NEW YORK CITY DEPARTMENT OF HEALTH, The City of New York, Local 436, DC37, Bertha Howard, Linda Fiore, and Joan Rondon, Defendants–Appellees.**

No. 04–0885.

United States Court of Appeals, Second Circuit.

July 25, 2005.

Noah A. Kinigstein, New York, NY, for Plaintiff–Appellant.

Elizabeth I. Freedman, Assistant Corporation Counsel of the City of New York (Francis, F. Caputo, Assistant Corporation Counsel, Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, New York, for Defendants–Appellees, of counsel.

PRESENT: STRAUB, SACK, Circuit Judges, and KRAVITZ, District Judge.[1]

### SUMMARY ORDER

Plaintiff Sislyn Benjamin ("Benjamin") appeals from District Court orders dated March 29, 2002, and December 8, 2003, which, respectively, dismissed her federal claims of national origin discrimination for failure to exhaust and dismissed her corresponding New York State and City claims as barred by applicable election of remedy requirements. For the reasons set forth below, we find that the District Court correctly disposed of Benjamin's federal claim but exceeded the bounds of its discretion in then continuing to exercise supplemental jurisdiction over her non-federal claims. Accordingly, we affirm in part but vacate the District Court's dismissal of the non-federal discrimination claims with prejudice and remand the case to the District Court with instructions to dismiss the claims without prejudice.

Benjamin, a black woman of Jamaican origin, was hired by the New York City Department of Health ("DOH") on or about April 21, 1994 as a "Supervising Public Health Nurse," and terminated on October 22, 1998, for the stated reason of incompetence. Benjamin filed a complaint with both the New York City Commission on Human Rights ("CHR") and the Equal Employment Opportunity Commission ("EEOC"), charging the DOH, and in particular a supervisor by the name of Joan Rondon, with discrimination based on Benjamin's "dark skin." According to her complaint, from approximately April 3, 1995 until approximately February 10, 1997, Rondon harassed her, transferred her unnecessarily, and falsely wrote her up for poor performance. After investigation, in an opinion dated December 4, 1998, the CHR found no probable cause for Benjamin's charges, and found that the DOH properly fired Benjamin for incompetence.

After receiving a right-to-sue letter from the EEOC, Benjamin filed the instant action on November 1, 1999, asserting, *inter alia*, claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000-e & 2000e–3), Section 296 of the New York State Executive Law ("New York State Human Rights Law"), and Section 8–107 of the New York City Administrative Code ("New York City Human Rights Law"). Benjamin's complaint alleges discrimination by other supervisors besides Rondon, based on Benjamin's *national origin*, commencing shortly after she was hired in 1994.

The District Court dismissed Benjamin's federal national origin claim in a March 29, 2002, order, finding that Benjamin had failed to exhaust this claim because it was not "reasonably related" to her previous

---

1. The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

administrative complaint. The District Court subsequently held in its December 8, 2003, order that her analogous state and city claims were barred by applicable election of remedies provisions because they were based on the same "alleged conduct" as her administrative race discrimination claim.[2]

■ We affirm the District Court's dismissal of Benjamin's Title VII claim. As a precondition to filing suit under Title VII, a plaintiff must exhaust her administrative remedies. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir.2003). To do so, she must either explicitly raise her claim in an administrative complaint or raise another, "reasonably related" claim. *Id.* A claim is "reasonably related" if it falls within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id.* at 201 (quotation marks omitted). Here, the District Court correctly found that Benjamin's administrative complaint, which focused exclusively on her "dark skin" as the source of the discrimination she suffered, did not reasonably (or in fact) give rise to any administrative consideration of whether Benjamin suffered discrimination because of her Jamaican origin as opposed to her race. *See id.* at 201 ("Raising a national origin claim before the EEOC does not automatically suffice to alert the agency to

investigate incidences of racial discrimination.").[3]

■ With respect to the other issue on appeal, however, we find that, having dismissed all of Benjamin's federal claims, the District Court improperly retained supplemental jurisdiction over Benjamin's state and city national origin claims so as to dismiss them with prejudice. Under 28 U.S.C. § 1367(c)(3), District Courts have discretion to retain such supplemental jurisdiction. However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.")

In assessing whether § 1367(c)(3) discretion has been appropriately exercised, this Court looks mainly to whether a District Court reached unsettled issues of state law and to whether disposition was supported by significant considerations of judicial economy. *See Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384,

**2.** Under the state election of remedies provision, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint hereunder [with the New York State Division of Human Rights] or with any local commission on human rights...." N.Y. Exec. Law § 297(9) (Consol.2000). Similarly, Section 8–502(a) of the New York City Administrative Code provides that "any person claiming to be aggrieved by an unlawful discriminatory practice ... shall have a cause of action in any court of competent jurisdiction ... unless such person has filed a com-

plaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice." N.Y.C. Admin. Code § 8–502(a) (1999).

**3.** Although skin color could of course be part of a national origin claim, each case must be assessed on its particular facts. Here, where Benjamin's administrative complaint focused entirely on Benjamin's skin color and the legal complaint on her "accent and cultural mannerisms," it is clear that the former complaint gave no indication of the latter.

388 (2d Cir.2000) (upholding a district court's decision to retain jurisdiction over supplemental state claims, where declining jurisdiction over state law claims "would have furthered neither fairness nor judicial efficiency" and the state causes of action did not require the district court "to resolve any novel or unsettled issues of state law"); *cf. Morse v. Univ. of Vt.*, 973 F.2d 122, 128 (2d Cir.1992) (finding that district court, after properly dismissing federal claims as time-barred, abused its discretion in exercising supplemental jurisdiction to decide novel issue of Vermont's statute of limitations for similar claim).

Here, there was no pressing efficiency concern. The precise supplemental issue addressed by the District Court-whether Benjamin's judicial complaint was close enough to her administrative complaint to trigger state and city election of remedies provisions-required no discovery and was conceptually unrelated to the federal issues decided. More importantly, the District Court's holding-that the election of remedies provisions bar even a subsequent legal complaint that alleges new facts, against new defendants, over a new time period-does not appear to us to be dictated by state precedent, although it may be a reasonable extension of that precedent. In such circumstances, district courts must relinquish supplemental jurisdiction so that the non-federal issues can be decided, if necessary, by the proper courts.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED with respect to plaintiff's Title VII claims and VACATED and REMANDED with respect to plaintiff's state and city national origin claims, with instructions to dismiss the latter without prejudice.