14-4665-cv
*Andrews v. Fremantlemedia*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
RICHARD C. WESLEY,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAERED N. ANDREWS, COREY D. CLARK, JACOB JOHN SMALLEY,
DONNIE WILLIAMS, TERRELL BRITTENUM, DERRELL BRITTENUM,
THOMAS DANIELS, AKRON WATSON, JU'NOT JOYNER, CHRIS GOLIGHTLY,
     *Plaintiffs-Appellants,*

     -v.-                                  No. 14-4665-cv

FREMANTLEMEDIA, N.A., INC., AMERICAN IDOL PRODUCTIONS, INC.,
19 ENTERTAINMENT LTD., CORE MEDIA GROUP, INC., 21ST CENTURY FOX,
INC., FOX BROADCASTING COMPANY, INC., NIGEL LYTHGOE, KEN WARWICK,
FORD MOTOR COMPANY, INC., COCA-COLA COMPANY, INC., AT&T,
     *Defendants-Appellees,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**          JAMES H. FREEMAN, JH Freeman Law, New York, NY, STEVEN LOWE, Lowe Associates, Los Angeles, CA.

**FOR DEFENDANTS-APPELLEES:**          DANIEL PETROCELLI (Mark Wayne Robertson, Molly Lens *on the brief*),

1

O'Melveny & Myers LLP, Los Angeles, CA.

Appeal from a November 21, 2014 judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 21, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiffs are former contestants of the television show "American Idol." They contend that their elimination from the televised competition was racially motivated and allege violations of 42 U.S.C. § 1981, 42 U.S.C. § 1985, and Title VII, as well as four causes of action under California law. The District Court held that most of plaintiffs' claims were untimely except those of one plaintiff, Christopher Golightly. Nonetheless, the District Court ruled that Golightly had failed to state a claim. On appeal, plaintiffs argue that the District Court erred in (1) its application of the statute of limitations to plaintiffs' claims, and (2) its dismissal of Golightly's § 1981 and rescission claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I. Plaintiffs' Time-Barred Claims

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon review of the record and relevant law, we affirm for substantially the reasons stated in the District Court's thorough and well-reasoned order.

In particular, we reject, as the district court did, plaintiffs' contention that the statute of limitations for their discrimination claims under § 1981, § 1985, and Title VII did not begin to run until 2012, when they allegedly became aware of the discriminatory motive for their elimination from the show. Claims under § 1981 and § 1985 accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks and citation omitted). Under Title VII, a charge must be filed with the Equal Employment Opportunity Commission either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). In analyzing these limitations periods for discrimination claims, "the proper focus is on the time of the *discriminatory act*." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (considering statute of limitations for discrimination claims under Title VII and § 1981)); *accord Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992); *see also Washington v. Cty. of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004) (Sotomayor, *J.*) (stating, in considering claims under § 1981 and § 1983, that "[a]s with all discrimination claims, plaintiffs' claims accrued when they knew or should have known of the discriminatory action," which,

2

for plaintiffs asserting that defendants selectively maintained disciplinary charges against them, was "when plaintiffs knew or had reason to know that defendants filed the charges").

Here, the district court properly concluded that plaintiffs' claims accrued when they were eliminated from the show, which was communicated to each plaintiff at the time of their respective eliminations. Insofar as plaintiffs submit that the limitations periods did not begin to run until plaintiffs knew or had reason to know of the allegedly discriminatory motives for their eliminations, we need not here decide whether accrual can ever be so based because plaintiffs have failed in any event plausibly to allege that they did not have reason to know of those motives until 2012.[1] *Cf. Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) (stating that limitations period for age discrimination claims "commence[s] upon the employer's commission of the discriminatory act and [is] not tolled or delayed pending the employee's realization that the conduct was discriminatory" absent extraordinary circumstances). Indeed, the allegations in the Third Amended Complaint demonstrate that, at least as early as 2005, media outlets publicized the fact that similarly-situated Caucasian contestants were not eliminated or disqualified from the competition. *See* Third Am. Compl. ¶¶ 905, 911, 937. Thus, the district court did not err in its application of the statute of limitations to plaintiffs' claims.

## II. Golightly's § 1981 and Rescission Claims

To state a claim under § 1981, a plaintiff must allege: "(1) [that he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). In order to survive a motion to dismiss, a plaintiff must specifically allege the "circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994). A plaintiff's "naked allegation" of racial discrimination on the part of a defendant is too conclusory to survive a motion to dismiss. *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

Here, the District Court dismissed the complaint because it failed to "plead sufficient facts suggesting that defendants intended to discriminate against Golightly on the basis of his race." SPA 26. This ruling is without error. Golightly has not provided any facts that give rise to a plausible inference that he was disqualified due to his race or criminal history. Indeed, the complaint does not even allege that defendants were aware of his criminal history. Rather, the complaint provides a different, and entirely valid, reason for Golightly's disqualification: his failure to disclose that he was previously under

---

[1] Plaintiffs cannot rely on *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) and *City of Pontiac General Employees' Retirement System v. MBIA, Inc.*, 637 F.3d 169 (2d Cir. 2011), for the proposition that their claims did not accrue until "a reasonably diligent plaintiff c[ould] adequately plead facts to support each element of the claim," Appellants' Br. 15, because this court has already stated that "*Merck*'s scienter discovery requirement does not apply outside the realm of the statute that it interpreted," *i.e.*, 28 U.S.C. § 1658(b), *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012). Section 1658(b) has no applicability to this case.

3

contract as a member of a music group named Dream5, despite being explicitly asked in the American Idol background questionnaire whether "he had ever been party to a music-related industry contract." J.A. 207–09.

Similarly, the District Court did not err in holding that neither 47 U.S.C. § 509 nor 47 C.F.R. § 73.1216 creates a private cause of action allowing Golightly to rescind his contestant agreement. SPA 29–30. To the extent that plaintiff is arguing that his contract should be void on illegality grounds, Golightly fails to identify any terms of the contract that violate federal law.

## CONCLUSION

We have considered plaintiffs' remaining arguments and find them without merit. Accordingly, we **AFFIRM** the November 21, 2014 judgment of the District Court.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court