*Francois v. N.Y.C. Dep't of Educ.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

———————————————————————

EUGENIE FRANCOIS,

> *Plaintiff-Appellant,*

> > v.                                                    No. 21-601

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee.*

———————————————————————

FOR APPELLANT:                        BRYAN D. GLASS, Glass Harlow & Hogrogian LLP, New York, NY.

FOR APPELLEE:                         MACKENZIE FILLOW (Richard Dearing, Deborah A. Brenner, *on the brief*), for Georgia M. Pestana, *Acting Corporation*

*Counsel for the City of New York*, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 16, 2021, is **AFFIRMED**.

Eugenie Francois, a retired high school teacher who until 2017 was employed by the New York City Department of Education (the "Department"), appeals from a judgment of the district court dismissing under Federal Rule of Civil Procedure 12(b)(6) her employment discrimination claims against the Department alleging violations of the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").[1] The primary issue on appeal is whether the district court erred in determining that Francois's ADEA claims were untimely. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of a motion to dismiss, including its application of the relevant statute of limitations. *See City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). Because Francois proceeded *pro se* before the district court, we construe her complaint liberally, accepting its factual allegations as true, and drawing all reasonable inferences in her favor. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (*per curiam*).

Before bringing certain the ADEA claims, a plaintiff must file a complaint with the Equal Employment Opportunity Commission ("EEOC") or an equivalent state agency no

---

[1] Our analysis does not address Francois's NYSHRL and NYCHRL claims because the district court declined to exercise supplemental jurisdiction over these claims after dismissing Francois's ADEA claim, and that determination is not at issue on appeal.

later than 300 days after learning of the alleged discriminatory action. *See* 29 U.S.C. § 626(d)(1)(B); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Francois's claims focus on actions that occurred over several years. The most recent of those actions was the "ineffective" annual rating that her supervisors gave her for the 2016-17 school year. App. 16 (Francois's Compl.). Francois received notice of that rating on October 11, 2017.

Although Francois concedes that her EEOC complaint was filed more than 300 days after October 11, 2017, she nevertheless argues that the ADEA's 300-day limitations window was not triggered until May 31, 2018, when she learned that the Department denied her appeal of the rating. Francois contends that the Department's denial was an "independent act of discrimination" that occurred within the 300-day statute of limitations. Appellant's Br. at 9. We disagree.

In *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980), the Supreme Court declared that the pendency of collateral review of an employment decision does not extend the time to file an EEOC charge under federal law. Directly on point here, *Ricks* held that

> the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods. The existence of careful procedures to assure fairness in the tenure decision should not obscure the principle that limitations periods normally commence when the employer's decision is made.

*Id.; see also Morse v. Univ. of Vermont,* 973 F.2d 122, 125 (2d Cir. 1992) (citing *Ricks* and concluding that the availability of an internal administrative review of an allegedly discriminatory decision "has no effect on when the statute of limitations period begins to run").[2] That Francois was required by state law to exhaust administrative appeals before bringing a state suit to challenge the act complained of is of no import in this federal ADEA

---

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

action. Thus, Francois's administrative appeal of her ineffective rating did not toll the 300-day statute of limitations period or otherwise excuse her failure to timely file her claims.

In addition, contrary to her contentions, Francois's EEOC complaint did not assert that the denial of her appeal constituted an independent act of discrimination. Instead, the administrative appeal was an attempt to remedy an alleged discriminatory act that occurred outside of the 300-day limitations period for her ADEA claim. *Ricks* instructs that a collateral review of an employment decision "by its nature, is a *remedy* for a prior decision [and] not an opportunity to *influence* that decision before it is made." *Ricks*, 449 U.S. at 261 (emphasis in original). Consequently, "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Id.* at 258 (emphasis in original) (internal quotation omitted). In line with this instruction, we conclude that the denial of the appeal did not restart the clock for Francois to bring an EEOC charge. *See Morse*, 973 F.2d at 125 (concluding that an administrative review of an alleged discriminatory decision is not itself a discriminatory act for purposes of the statute of limitations).

Finally, Francois contends that, combined with the "ineffective" annual rating that she received, certain comments allegedly made by school officials about her before she retired in August 2017 establish a continuing violation of the ADEA and saves her claims from the statute of limitations. The continuing violation doctrine, however, still requires "some non-time barred acts contributing to the alleged violation." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). As discussed above, Francois's "ineffective" teacher rating falls outside of the 300-day window, and the denial of her appeal of that rating neither tolled the limitations period nor constituted an independent discriminatory act. Further, the school officials' alleged comments were made by two individuals from February 2014 to September 2016, long before October 11, 2017. Thus, the district court did not err in holding that Francois's ADEA claims are time-barred.

\* \* \*

4

We have considered Francois's remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court