22-1015-cv
*Norton v. Town of Brookhaven*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

PRESENT: JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
JOSEPH F. BIANCO,

*Circuit Judges.*

---

Jerome Norton,

   *Plaintiff-Appellant*,

    v.            22-1015-cv

Town of Brookhaven, Robert Quinlan, David J. Moran, Jennifer Lutzer, William Powell, Valerie Biscardi, all individually and in their official capacity, Justin Folber, AKA Jason Folber,

   *Defendants-Appellees*,

County of Suffolk, Daniel Belano,

   *Defendants.*

---

FOR PLAINTIFFS-APPELLANTS:   ANDREW COSTELLO (Rick Ostrove, *on the briefs*), Leeds Brown Law, P.C., Carle Place, NY.

FOR DEFENDANTS-APPELLEES:               SCOTT J. KREPPEIN, Devitt Spellman
                                        Barrett, LLP, Smithtown, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to enter a judgment of dismissal without prejudice under 28 U.S.C. § 1367 as to the state law claims that remained against the Town of Brookhaven pursuant to the Partial Stipulation and Order filed in the district court on October 18, 2017.

Plaintiff-appellant Jerome Norton appeals from the district court's judgment, entered on April 4, 2022, granting the motion for judgment on the pleadings as to various state law claims asserted against the Town of Brookhaven ("the Town").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

According to the Third Amended Complaint, Norton owns rental property in the Town of Brookhaven. In 2013, Norton sued the Town and the County of Suffolk under 42 U.S.C. § 1983 and New York law after the Town investigated and prosecuted Norton for alleged violations of several provisions of the Town Code and the New York State Fire Prevention and Building Code ("NYS Uniform Code") in connection with the conditions at the rental property. Norton and the Town reached a partial settlement, which the district court "so ordered" on October 18, 2017 (the "Partial Stipulation and Order"), resulting in the dismissal of all claims against the Town

---

[1] Although the notice of appeal challenges the judgment on the pleadings as to the Town, as well as its named employees, the claims at issue in that motion were brought only against the Town.

2

(including all federal claims) except for New York state law claims seeking a declaration that: (1) the Town's fire and safety provisions in Chapter 82 of the Town Code ("Chapter 82") are unenforceable because the provisions are inconsistent with NYS Uniform Code (the "Uniform Code claim"); (2) Chapter 82 is a zoning ordinance that, under Section 239-m of New York General Municipal Law, had to be referred to the County for review and recommendation before enactment, and thus Chapter 82 is void because the Town did not comply with Section 239-m (the "Section 239-m claim"); and (3) Chapter 82 is void because it violates New York Town Law § 262 (the "Section 262 claim").[2]

With respect to these remaining state law claims, the Town moved for judgment on the pleadings and summary judgment on the ground that the district court lacked subject matter jurisdiction and, alternatively, on the merits. The district court referred the motion to United States Magistrate Judge Anne Y. Shields for a report and recommendation ("R&R"), and the R&R was filed on January 27, 2022.

With respect to the issue of subject matter jurisdiction, the R&R noted that, based upon the language in the Partial Stipulation and Order dismissing the federal claims, "the parties intended for this Court to retain jurisdiction over this action, notwithstanding the lack of any remaining federal claims." *Norton v. Town of Brookhaven*, No. 13-cv-3520, 2022 WL 1478716, at \*3 (E.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 985857 (E.D.N.Y. Mar. 31, 2022). However, the R&R recognized that "[s]ubject matter jurisdiction can never be waived or forfeited . . . . [,] [n]or can parties' consent confer subject matter jurisdiction upon a court." *Id.* (internal quotation marks and citation omitted). The R&R then independently determined that

_____

[2] Following the partial settlement, the County of Suffolk moved for judgment on the pleadings on the claims against it. The district court granted the County's motion, concluding that Norton's claims against the County were not ripe. The dismissal of the claims against the County is not challenged on appeal.

3

subject matter jurisdiction existed because the district judge assigned to the case at the time of the execution of the Partial Stipulation and Order "had the power to – and clearly intended to – retain supplemental jurisdiction over the remaining claims." *Id.* at *4; *see also id.* ("If [the district judge] had not intended to retain supplemental jurisdiction over the remaining claims, he would have closed the case upon the endorsement of the [Partial Stipulation and Order].").  In reaching this determination regarding the district judge's intent, the R&R noted that "[e]ven after [the district judge] endorsed the parties' [Partial Stipulation and Order], status reports were filed, conferences were held, and the Court continued to make rulings with respect to matters that arose." *Id.*

After resolving the subject matter jurisdiction issue, and rejecting the Town's argument that Norton lacked standing, the R&R addressed the Uniform Code claim and the Section 239-m claim.[3]  First, the R&R determined that Norton had abandoned his Uniform Code claim and thus recommended dismissal of that claim.  Next, the R&R concluded that the Section 239-m claim was untimely under New York law.  The R&R noted that there was conflicting case authority on the timeliness issue in New York State, with one line of Appellate Division cases holding that no limitations period applies at all to a jurisdictional claim like Norton's, and another line of Appellate

---

[3]  As noted above, the Partial Stipulation and Order also allowed Norton to continue to litigate a third state law claim—namely, the Section 262 claim.  Previously, the district court had denied the Town's motion to dismiss the Section 262 claim, concluding that the allegations were sufficient to state a plausible claim.  In the Town's motion for judgment on the pleadings and for summary judgment, it did not specifically address the Section 262 claim, but rather only referenced the existence of two remaining state law claims—namely, the Uniform Code claim and Section 239-m claim.  In his response to the Local 56.1 Statement submitted by the Town in connection with that motion, Norton made clear that he also was continuing to assert the Section 262 claim.  *See* App'x at 268 ("Plaintiff's § 262 claim is not contested by the Town via this motion, and [the district judge previously assigned to the case] in 2014 rejected [the Town's] prior motion to dismiss this claim.").  Like the Town's motion, the R&R did not specifically address the Section 262 claim or even acknowledge that it remained in the case.  In his objections to the R&R, Norton reiterated that, "[w]hile not specifically addressed by the R&R or in the Town's moving papers," he was continuing to assert his Section 262 claim.  Dist. Ct. Dkt. No. 158, at 24–25.  However, like the R&R, the district court's decision referenced only the Uniform Code and the Section 239-m claims and did not otherwise specifically address the Section 262 claim.

Division cases holding that a limitations period (of either four months or six years) exists even for a jurisdictional claim. After recognizing that "[t]he New York Court of Appeals has yet to speak to this apparent split within the departments of the Appellate Division," the R&R found that "the line of cases finding that claims such as [Norton's] are subject to a statute of limitations is of more sound reasoning." *Norton*, 2022 WL 1478716, at *5. Accordingly, because Norton's Section 239-m claim would be untimely whether a four-month or six-year limitations period applied, the R&R recommended that the claim be dismissed as time-barred. The R&R further recommended that leave to amend be denied.

In a memorandum and order, filed on March 31, 2022, the district court adopted the R&R in its entirety and granted the Town's motion for judgment on the pleadings. In its decision, the district court did not provide any additional reasoning for exercising supplemental jurisdiction over the remaining state law claims given the prior dismissal of the federal claims. The district court then entered judgment in favor of the Town, and Norton appealed.

"Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 398 (2d Cir. 2017) (alterations adopted) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "'And if the record discloses that the lower court was without jurisdiction,' the appellate court has 'jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'" *Id.* (quoting *Bender*, 475 U.S. at 541).

Accordingly, before considering the merits, we must first determine whether the district court had subject matter jurisdiction over the remaining state law claims. The district court's original jurisdiction was based on federal question jurisdiction because Norton brought claims

5

under federal law.[4] Under 28 U.S.C. § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Therefore, we must determine whether the district court properly exercised supplemental jurisdiction over Norton's remaining state law claims against the Town. "The standard of review for determinations regarding subject-matter jurisdiction is clear error for factual findings, and *de novo* for the legal conclusion as to whether subject matter jurisdiction exists." *Cohen*, 873 F.3d at 398 (internal quotation marks and citation omitted). Our review of the district court's decision under § 1367(c) is for abuse of discretion. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243 (2d Cir. 2011).

The Town argues that Norton's federal and state law claims do not form the same case or controversy under § 1367(a) and, alternatively, that the district court erred under § 1367(c) by deciding to exercise jurisdiction over the state law claims. *See* Appellee's Br. at 4 ("[Norton's] requests for declaratory relief are only related to his prior federal claims in the most abstract and academic way, and thus fail to meet the jurisdictional requirements for . . . supplemental

---

[4] Diversity jurisdiction, under 28 U.S.C. § 1332, did not exist. Additionally, although Norton sought a declaratory judgment under 28 U.S.C. § 2201(a) in connection with the remaining state law claims, it is well settled that "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts" and, thus, "there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (per curiam).

jurisdiction."); *id.* at 5 ("Even if there was a basis for exercising jurisdiction, . . . . every factor [for] declining jurisdiction under 28 U.S.C. § 1367(c) was clearly met."). Because we conclude that the district court abused its discretion under § 1367(c), we need not decide whether Norton's state law claims form part of the same case or controversy as his federal claims under § 1367(a).

Courts deciding whether to exercise supplemental jurisdiction must balance the "values of judicial economy, convenience, fairness, and comity." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. This is especially true when the remaining claims involve unresolved issues of state law. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the claim raises a novel or complex issue of State law . . . ."); *see also Kolari*, 455 F.3d at 124 ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.") (collecting cases); *accord Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003); *Seabrook v. Jacobson*, 153 F.3d 70, 72–73 (2d Cir. 1998); *Morse v. Univ. of Vt.*, 973 F.2d 122, 127–28 (2d Cir. 1992).

Following the Partial Stipulation and Order, which dismissed all of the federal claims against the Town in October 2017, Norton's only remaining claims against the Town were three state law claims: the Uniform Code claim, the Section 239-m claim, and the Section 262 claim. At that time, there was no answer to the operative complaint (namely, the Third Amended Complaint) and no discovery plan as to those remaining claims. After numerous status reports and

7

status conferences over more than a year, the Town defendants filed the motion for judgment on the pleadings and summary judgment in March 2019.  As outlined in that motion, the timeliness of Norton's Section 239-m claim turned on whether a municipality's failure to comply with Section 239-m is a jurisdictional defect that precludes a statute of limitations defense.  Moreover, as discussed in the R&R, there was conflicting authority in Appellate Division cases on that particular issue, which the district court chose to resolve.  In doing so, the district court failed to recognize that, where at least one of the remaining state law claims raised an unresolved question of state law, comity counsels strongly against the exercise of supplemental jurisdiction.

We reached the same conclusion under closely analogous circumstances in *Morse*.  973 F.2d at 127–28.  In that case, after concluding that the district court properly granted summary judgment on the federal claims, we held that the district court abused its discretion in exercising supplemental jurisdiction and granting summary judgment as to the state law claim on statute of limitations grounds.  In reaching that decision, we explained:

> Appellant's federal claim was dismissed as time-barred, that is, that cause of action was dismissed before trial.  The Vermont courts have not yet decided what should be the applicable period of repose for actions brought under Vermont's Public Accommodation Act.  Principles of comity therefore dictate that this question be left for decision by the state courts.  Because this undecided question of state law remained, rather than grant summary judgment dismissing it, the district court should have remanded the pendent state cause of action to the Vermont courts.

*Id.* at 128.  That analysis in *Morse* applies with equal force to the instant case because here it is an unsettled question of New York state law whether there is any limitation period for Norton's Section 239-m claim.  *See also Valencia*, 316 F.3d at 308 ("Given plaintiffs' abandonment of all federal claims in this case long before any decision on the novel and complex issues of state law became necessary, we conclude that the district court's exercise of supplemental jurisdiction to decide plaintiffs' state-law claims against the City was an abuse of discretion.").

8

Although the parties and the district court may have intended for the district court to maintain supplemental jurisdiction over the state law claims after the parties stipulated to the dismissal of the federal claims, that mutual understanding does not alter our analysis. *See generally Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("[B]ecause it involves a court's power to hear a case, subject matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." (internal quotation marks and citation omitted)). In short, any agreement by the parties that a district court should retain supplemental jurisdiction over the remaining state law claims cannot undermine the principles of comity that strongly dictate that those claims should be heard in state court under the circumstances present here. For example, in *Seabrook v. Johnson*, both the parties and the district court agreed, prior to trial, to a voluntary dismissal of the plaintiffs' federal claims on the condition that the district court would retain jurisdiction to decide the state law claim asserting that a New York City Administrative Code provision was invalid because it conflicted with New York State Civil Service Law. 153 F.3d at 71. Notwithstanding that understanding between the parties and the district court, we held that the district court should have declined supplemental jurisdiction over the state law claim, especially because "the federal claims that were the sole source of jurisdiction had been dismissed and [] the remaining state law claim turned on a novel and complex issue involving the interpretation of state statutes concerning the administration of state government and the balancing of important state policies . . . ." *Id.*

Finally, neither the R&R, nor the district court decision adopting the R&R, identified any countervailing considerations that would support having a federal court resolve these state claims, especially where one of them contained a complex question of state law as to which intermediate state courts in New York have apparently issued diverging decisions. Indeed, there was no

9

discussion of any of the relevant factors either in the R&R or the district court's order adopting the R&R. *See Kolari*, 455 F.3d at 124 (holding that district court abused its discretion when it failed to adequately identify a federal interest justifying its exercise of supplemental jurisdiction "and otherwise ignored the *Cohill* factors"). Our own review of the record has not revealed any prejudice or unfairness to any party if supplemental jurisdiction is declined, or any other consideration that would warrant the discretionary exercise of supplemental jurisdiction under these circumstances. Therefore, we conclude that the district court abused its discretion in retaining supplemental jurisdiction over the remaining state law claims against the Town after the dismissal of the federal claims.

*     *     *

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case with instructions to enter a judgment of dismissal without prejudice under 28 U.S.C. § 1367 as to the state law claims that remained against the Town pursuant to the Partial Stipulation and Order filed in the district court on October 18, 2017.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court